UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHITAKER,

        Plaintiff,

  vs.

DR. M. SALEEM, et. al.,

        Defendants.

                                        /

No. C 13-0113 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner currently incarcerate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff first states that defendant Ford denied him food, because he would not talk to him and took his yard and canteen privileges. Plaintiff provides no other information on these claims and they are insufficient pursuant to *Iqbal*, but plaintiff will be provided an opportunity to file an amended complaint with additional information.[1] Plaintiff next alleges that defendant Dr. Saleem gave false testimony in a *Keyhea*[2] hearing, by falsely stating that plaintiff had threatened staff. As a result, plaintiff was involuntarily administered

---

[1]  Plaintiff also raises claims regarding his legal materials at a prison in Sacramento that resides in the Eastern District of California. Claims unrelated to the events at Salinas Valley State Prison that occurred in Sacramento must be brought in the Eastern District of California.

[2] In *Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to refuse antipsychotic medications except under certain limited circumstances." *In re Qawi*, 32 Cal.4th 1, 21 (2004). Under California law, the *Keyhea* procedures govern the involuntary administration of antipsychotic medications.

psychotropic medication. Plaintiff only seeks money damages.

Plaintiff includes a transcript of the *Keyhea* hearing (Docket No. 6), where he was represented by counsel, testified on his own behalf but the administrative law judge ultimately found based on the totality of the evidence that plaintiff was a danger to others and needed to be medicated. To the extent plaintiff is asserting a due process violation, he has failed to sufficiently articulate such a violation. "[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper*, 494 U.S. 210, 227-29 1990). Simply stating that a witness lied, fails to demonstrate a violation of due process. The complaint will be dismissed but plaintiff may file an amended complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **March 25, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

**IT IS SO ORDERED.**

Dated: February 20, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Whittaker.dwlta.wpd