**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHITAKER,

              Plaintiff,

  vs.

DR. M. SALEEM, et. al.,

              Defendants.

_____/

No. C 13-0113 PJH (PR)

**ORDER OF DISMISSAL**

     Plaintiff, a state prisoner currently incarcerate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  His original complaint was dismissed with leave to amend and he has filed an amended complaint.

**DISCUSSION**

**A.**    **Standard of Review**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual

1   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2   requires more than labels and conclusions, and a formulaic recitation of the elements of a

3   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8   framework of a complaint, they must be supported by factual allegations.  When there are

9   well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

11  1937, 1950 (2009).

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17        In his original complaint, plaintiff stated that defendant Ford denied him food,

18  because he would not talk to him and took his yard and canteen privileges.  Plaintiff next

19  alleged that defendant Dr. Saleem gave false testimony in a *Keyhea*[1] hearing, by falsely

20  stating that plaintiff had threatened staff.  As a result, plaintiff was involuntarily administered

21  psychotropic medication.  The complaint was dismissed with leave to amend to provide

22  additional information, unfortunately the amended complaint mostly repeats the allegations

23  of the original complaint.

24  ///

---

26  [1] In *Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986), the state appellate court "upheld
    a consent decree affirming the right of state prisoners to refuse antipsychotic medications
27  except under certain limited circumstances." *In re Qawi*, 32 Cal.4th 1, 21 (2004).  Under
    California law, the *Keyhea* procedures govern the involuntary administration of antipsychotic
28  medications.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Plaintiff states a defendant denied him food, though plaintiff fails to describe if this

2  was one meal or a recurring problem.  Plaintiff also states that his classification status was

3  changed and he was denied yard and canteen privileges.  However, a prisoner does not

4  have a constitutional right to a particular classification status.  *Hernandez v. Johnston*, 833

5  F.2d 1316, 1318 (9th Cir.1987) (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

6    Plaintiff includes a transcript of the *Keyhea* hearing (Docket No. 6), where he was

7  represented by counsel, testified on his own behalf but the administrative law judge

8  ultimately found based on the totality of the evidence that plaintiff was a danger to others

9  and needed to be medicated.  To the extent plaintiff is asserting a due process violation, he

10 has failed to state such a violation.  "[T]he Due Process clause permits the State to treat a

11 prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if

12 the inmate is dangerous to himself or others and the treatment is in the inmate's medical

13 interest" as long as the decision to medicate against his will is neither arbitrary, nor

14 erroneous, and comports with procedural due process.  *Washington v. Harper*, 494 U.S.

15 210, 227-29 (1990).  Simply stating that a witness lied, fails to demonstrate a violation of

16 due process as plaintiff was provided all the procedural protections and has failed to show

17 an erroneous or arbitrary decision.

18    Plaintiff's amended complaint will be dismissed and as plaintiff has already been

19 provided a chance to amend and as he failed to cure the deficiencies of the complaint, this

20 case is dismissed with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The complaint will be **DISMISSED** and as plaintiff has already been provided a chance to amend and as he failed to cure the deficiencies of the complaint, the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

///

///

Dated:  March 18, 2013.                    _____

                                           PHYLLIS J. HAMILTON
                                           United States District Judge

G:\PRO-SE\PJH\CR.13\Whittaker.dis.wpd

4