UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHITAKER,

        Plaintiff,

  vs.

DR. M. SALEEM, et. al.,

        Defendants.
                                       /

No. C 13-0113 PJH (PR)

**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS**

       This civil rights case filed pro se by a state prisoner was dismissed and closed on March 18, 2013. Plaintiff has filed an appeal with the Ninth Circuit and the case has been referred back to this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith. *Whitaker v.* M. Saleem, No. 13-15983, Docket No. 2.

       An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if

it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff stated a defendant denied him food, though plaintiff repeatedly failed to describe if this was one meal or a recurring problem.  Plaintiff also stated that his classification status was changed and as a result he was denied yard and canteen privileges.  However, a prisoner does not have a constitutional right to a particular classification status.  *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

Plaintiff next alleged that defendant Dr. Saleem gave false testimony in a *Keyhea*[1] hearing, by falsely stating that plaintiff had threatened staff.  As a result, plaintiff was involuntarily administered psychotropic medication.  Plaintiff included a transcript of the *Keyhea* hearing (Docket No. 6), where he was represented by counsel, testified on his own behalf but the administrative law judge ultimately found based on the totality of the evidence that plaintiff was a danger to others and needed to be medicated.  To the extent plaintiff asserted a due process violation, he failed to state such a violation.  "[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process.  *Washington v. Harper*, 494 U.S. 210, 227-29 (1990).  Simply stating that a witness lied, failed to demonstrate a violation of due process as plaintiff was provided all the procedural protections and had failed to show an erroneous or arbitrary decision.

///

///

---

[1] In *Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to refuse antipsychotic medications except under certain limited circumstances."  *In re Qawi*, 32 Cal.4th 1, 21 (2004).  Under California law, the *Keyhea* procedures govern the involuntary administration of antipsychotic medications.

As it is clear that this appeal is frivolous and taken in bad faith, plaintiff's in forma pauperis status is **REVOKED**.  The Clerk shall forward this Order to the Ninth Circuit in case No. 13-15983.

**IT IS SO ORDERED.**

Dated:  May 21, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Whitaker0113.ifp-rvk.wpd