UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHITAKER,

        Plaintiff,

  vs.

DR. M. SALEEM, et. al.,

        Defendants.
                                      /

No. C 13-0113 PJH (PR)

**ORDER DENYING MOTION**

      This civil rights case filed pro se by a state prisoner was dismissed and closed on March 18, 2013. After plaintiff filed an appeal, the Ninth Circuit referred the case back to this court on May 17, 2013, for the limited purpose of determining whether plaintiff's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith. This court then revoked plaintiff's in forma pauperis status. Docket No. 19.

      The Ninth Circuit has now held their proceedings in abeyance pending another ruling from this court. *See Whitaker v.* M. Saleem, No. 13-15983. Prior to filing his appeal, plaintiff filed a "Notice to Judge" on April 1, 2013. Docket No. 14. If plaintiff's filing is construed as a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4), then plaintiff's notice of appeal is ineffective until the "Notice to Judge" is addressed.

      In the April 1, 2013, "Notice to Judge", plaintiff merely repeats the allegations of the original and amended complaints, but the court will construe this as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

      A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009). A motion for reconsideration under Rule 59(e) "'should not be granted, absent

highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law."' *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

In his original and amended complaint, plaintiff stated a defendant denied him food, though plaintiff repeatedly failed to describe if this was one meal or a recurring problem. Plaintiff also stated that his classification status was changed and as a result he was denied yard and canteen privileges. However, a prisoner does not have a constitutional right to a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

Plaintiff also alleged that defendant Dr. Saleem gave false testimony in a *Keyhea*[1] hearing, by falsely stating that plaintiff had threatened staff. As a result, plaintiff was involuntarily administered psychotropic medication. Plaintiff included a transcript of the *Keyhea* hearing (Docket No. 6), where he was represented by counsel, testified on his own behalf but the administrative law judge ultimately found based on the totality of the evidence that plaintiff was a danger to others and needed to be medicated. To the extent plaintiff asserted a due process violation, he failed to state such a violation. "[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper*, 494 U.S. 210, 227-29 (1990). Simply stating that a witness lied, failed to demonstrate a violation of due process as plaintiff was provided all the procedural protections and had failed to show an erroneous or arbitrary decision.

As plaintiff repeats the same allegations from his prior pleadings, this is insufficient to warrant relief as he has failed to demonstrate clear error.[2] Therefore, the "Notice to Judge" (Docket No. 14) construed as a motion to alter or amend the judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 29, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Whitaker0113.ord.wpd

---

[1] In *Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to refuse antipsychotic medications except under certain limited circumstances." *In re Qawi*, 32 Cal.4th 1, 21 (2004). Under California law, the *Keyhea* procedures govern the involuntary administration of antipsychotic medications.

[2] Plaintiff is also concerned that the court did not review his amended complaint as perhaps guards did not mail it. The amended complaint was received by the court and ultimately, reviewed and dismissed. Docket Nos. 11, 12.

3